```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CHRISTOPHER DEJESUS,                                             :
                                                                 :
                           Plaintiff,                            :
                                                                 :           20-cv-9402 (LJL)
               -v-                                               :
                                                                 :        MEMORANDUM AND
DEPARTMENT OF CORRECTIONS, et al.,                               :              ORDER
                                                                 :
                           Defendants.                           :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Christopher DeJesus ("Plaintiff") filed a complaint in this case on November 9, 2020, *see* Dkt. No. 2, and an amended complaint on November 24, 2020, *see* Dkt. No. 7. Both filings complained of unsafe and harsh living conditions and dangerous and deadly conditions at the Vernon C. Bain Correctional Center in the Bronx, New York where he was then detained based on his alleged parole violation. *Id.* In the Court's order of December 12, 2020, granting Plaintiff's *in forma pauperis* status, Plaintiff was advised that it was his "obligation to promptly submit a written notification to the Court if [his] address changes, and the Court may dismiss the action if Plaintiff fails to do so." Dkt. No. 6. In an Order dated January 14, 2021, the Court directed Plaintiff to file a second amended complaint within sixty days of the date of that Order because the amended complaint did not contain sufficient facts to state a claim. *See* Dkt. No. 9. The order advised that if Plaintiff "fails to comply with the time allowed, and cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted." *Id.* The docket reflects that a copy of that Order was mailed and delivered to Plaintiff at the Vernon C. Bain Center. No pleading was filed in response. In an Order dated September 22, 2022, the Court directed Plaintiff to file a second amended complaint

by November 21, 2022 or show cause why the action should not be dismissed for failure to prosecute.  *See* Dkt. No. 10.  It noted that Plaintiff had not filed a second amended pleading or anything else on the docket since the January 14, 2021 Order.  *Id.*  The September 22, 2022 Order stated that if Plaintiff "fails to file anything on the docket by November 21, 2022, his case may be dismissed."  *Id.*  The docket reflects that the Order was mailed to Plaintiff at the Vernon C. Bain Center but that, on October 17, 2022, the mail was returned as undeliverable because of an insufficient forwarding address.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court."  *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."  *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not prosecuted its case at all for more than twenty-two months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id.* (collecting cases). Plaintiff was given notice in the Court's order at Dkt. No. 10 that failure to file a second amended complaint by November 21, 2022 could result in dismissal. Plaintiff did not file an amended complaint by November 21, 2022. Prior to that, he was given notice on December 2, 2020, that failure to keep his address current might result in dismissal, Dkt. No. 6, and that if he failed to file an amended complaint within sixty days of January 14, 2021, his complaint would be dismissed, Dkt. No. 9. Plaintiff ignored those orders as well. Although there is no specific evidence on the record that delay will prejudice Defendants—indeed, there is no record beyond the complaint, the amended complaint, and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 22, 2022
      New York, New York

                                        LEWIS J. LIMAN
                                 United States District Judge